

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-09-00424-CV

WINDSOR NURSING CENTER PARTNERS
OF CORPUS CHRISTI, LTD., D/B/A CORPUS
CHRISTI NURSING AND REHABILITATION
CENTER, ET AL.,                                              Appellants,

v.

KATHLEEN YESIAN, BELINDA GOOD,
JESSICA R. ROSAS, PATY SIEBER YOUNG
AND WENDI MARTINEZ,                                          Appellees.

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

## NUMBER 13-09-00452-CV

IN RE WINDSOR NURSING CENTER PARTNERS OF CORPUS CHRISTI
LTD., D/B/A CORPUS CHRISTI NURSING AND REHABILITATION
CENTER, REGENCY NURSING AND REHABILITATION CENTERS, INC.,

**WINDSOR NURSING AND REHABILITATION CENTER, INC., WINDSOR CORPUS CHRISTI NURSING CENTER, INC., HEBER LACERDA, AND DONALD KIVOWITZ**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides Memorandum Opinion Per Curiam**

By petition for writ of mandamus and appeal, Windsor Nursing Center Partners of Corpus Christi, Ltd., d/b/a Corpus Christi Nursing and Rehabilitation Center, Regency Nursing and Rehabilitation Centers, Inc., Windsor Nursing and Rehabilitation Center, Inc., Windsor Corpus Christi Nursing Center, Inc, Heber Lacerda, and Donald Kivowitz, (hereinafter collectively referred to as "Windsor") contended that the trial court abused its discretion in denying their motion to compel arbitration. By memorandum opinion issued on June 7, 2011, we affirmed the trial court's order in appellate cause number 13-09-00424-CV and denied the petition for writ of mandamus in appellate cause number 13-09-00452-CV. *See Windsor Nursing Ctr. v. Yesian*, Nos. 13-09-00424-CV & 13-09-00452-CV, 2011 Tex. App. LEXIS 4361, at *1 (Tex. App.—Corpus Christi June 7, 2011, no pet.) (combined appeal & orig. proceeding). Windsor has now filed a "Motion for Reconsideration Based on Arbitration Stipulation." According to the motion, the parties have entered a stipulation agreeing to arbitration. Windsor thus requests that we withdraw our opinion and decision and enter an order staying trial court

2

proceedings pending arbitration. More than ten days have passed since Windsor filed this motion, and appellees and real parties in interest have not filed a response to the motion. *See* TEX. R. APP. P. 10.3.

The Court, having examined and fully considered Windsor's motion, is of the opinion that it should be granted in part and denied in part. *See id.* R. 42.1(a)(1). The motion is granted insofar as we withdraw our previous opinion in these causes and the judgment in appellate cause number 13-09-00424-CV. All other relief sought in the motion is denied. Specifically, any request for stay of the trial court proceedings pending arbitration should be addressed to the trial court.

Moreover, given that the parties have stipulated to arbitration, it appears that these proceedings have been rendered moot. Accordingly, we dismiss the appeal and original proceeding. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (holding that a "case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings"); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Costs of the appeal are assessed against appellants. *See* TEX. R. APP. P. 42.1(d).

It is so ORDERED.

PER CURIAM

Delivered and filed the
2nd day of February, 2012.

3